UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUDY K. EVANS, Administratrix of the Estate of Tyler J. Evans, Deceased, | : : : : | CIVIL NO: 1:20-CV-00722 |
| Plaintiff, | : : | |
| v. | : : | (Chief Magistrate Judge Schwab) |
| COLUMBIA COUNTY, *et al.,* | : : | |
| Defendants. | : : | |

**<u>MEMORANDUM OPINION</u>**

**I. Introduction.**

Tyler Jay Evans ("Tyler") died at the Columbia County Prison after being restrained in a restraint chair. The plaintiff, Judy K. Evans, the Administratrix of Tyler's estate, brought this action claiming that the defendants violated Tyler's constitutional rights. Currently pending is the defendants' motion to strike three of the paragraphs of the complaint and to dismiss those portions of the complaint brought under Pennsylvania's Wrongful Death and Survival statutes. For the reasons discussed below, we will deny the defendants' motion.

## II. Background and Procedural History.

The plaintiff began this action by filing a complaint on April 30, 2020, naming Columbia County; the following individuals who at the time worked at the Columbia County Prison: Warden David Varano, Deputy Warden George Nye, Sergeant Jared Cunfer, Correctional Officer Patrick Zielecki, Correctional Officer Brent Harner, and Corrections Officers John Does 1–10; and the following medical professionals who at the time worked at the Columbia County Prison: Nurse Serena Novotney and Medical John Does 1–10.

The complaint sets forth Tyler's background, his arrest on June 1, 2019, his trip to the hospital emergency room, and his discharge from the hospital to the Columbia County Prison. According to the complaint, Tyler was placed in a restraint chair at the prison at approximately 4:06 a.m. on June 1, 2019, and although the restraint chair (with Tyler in it) was moved to several locations in the prison, Tyler remained in the restraint chair until 2:25 a.m. on June 2, 2019, when he was removed from the restraint chair after becoming non-responsive. Tyler "remained unresponsive and in cardiac arrest when paramedics arrived on the block and took over the resuscitative efforts." *Doc. 1* at ¶ 193. He was pronounced dead at 3:13 a.m. on June 2, 2019. The complaint sets forth the Columbia County Prison's policy regarding the use of restraint chairs, and it details how that policy was allegedly not followed in Tyler's case.

The complaint lists two causes of action—the first, an action under Pennsylvania's Wrongful Death Act, 42 Pa. C.S.A. § 8301, and the second, an action under Pennsylvania's Survival Act, 42 Pa. C.S.A. § 8302.[1]  The complaint then sets forth three claims for relief set forth in three counts.  Count I is a claim against the individual defendants based on the Eighth Amendment and/or the Due Process Clause of the Fourteenth Amendment.  Count II is a claim against Columbia County based on the Eighth Amendment and/or the Due Process Clause of the Fourteenth Amendment.  And Count III is a claim against the individual defendants based on a violation of the common-law duty to protect.  The named parties subsequently stipulated to the dismissal of Count III.

The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned.  Case management deadlines have been set.

The defendants filed "Defendants' Motion to Strike Paragraphs 2, 3, and 4 from Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(f) and to Dismiss Portions of the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" and a brief in support of that motion.  The plaintiff filed a brief in opposition to that motion.  The defendants have not filed a reply brief, and the time for them to do so has passed.

---

[1] As discussed later, the state causes of action are the vehicle through which the plaintiff seeks damages for constitutional claims.

## III.  Motion to Strike.

The defendants move to strike three paragraphs of the complaint as immaterial and impertinent.  Because we conclude that the paragraphs are not immaterial or impertinent, we will deny the motion to strike.

Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Rule 12(f) "is 'designed to reinforce the requirement in Rule 8 . . . that pleadings be simple, concise, and direct.'" *Miller v. State Farm Mut. Auto. Ins. Co.*, No. 1:20-CV-00367, 2020 WL 3265345, at *2 (M.D. Pa. June 17, 2020) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2020 update)).  "To that end, the purpose of any motion to strike should be to 'clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters.'" *Id*. (quoting *United States v. Educ. Mgmt. Corp.*, 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012) (citation omitted)).

"District courts possess great discretion in disposing of a motion to strike." *Wirt v. Bon-Ton Stores, Inc.*, 134 F. Supp. 3d 852, 857 (M.D. Pa. 2015).  But such motions are generally disfavored, and they should be denied unless the allegations at issue "'have no possible relation to the controversy and may cause prejudice to one of the parties, or . . . the allegations confuse the issues in the case.'" *Id.* (quoting *Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 142 (E.D. Pa. 2011)).  The

party moving to strike bears the burden of showing that the court should strike the challenged allegations. *Miller*, 2020 WL 3265345, at *2. "Thus, the movant must demonstrate that the matter falls within one of the categories listed in Rule 12(f)." *Id*.

Here, the defendants move to strike the following three paragraphs from the complaint:

> 2. Restraint chairs pose well-known safety dangers and their use often subjects prisoners to cruel and inhumane treatment. Restraint chair misuse by poorly trained, deliberately indifferent and/or malicious correctional staff has caused numerous needless deaths of prisoners in the United States.
>
> 3. For that reason, as far back as the year 2000, the United Nations Committee on Torture urged the United States to abolish restraint chairs as a method of restraining those in custody because their use 'almost invariably leads' to breaches of the United Nations Human Rights Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, which the United States ratified in 1994.
>
> 4. Prisons in the United States nonetheless continue to use restraint chairs but, in an effort to prevent deaths and serious injuries, generally accepted correctional standards require that restraint chairs be used in very limited circumstances, with significant controls, supervision and medical care, and for the shortest duration necessary to achieve a legitimate correctional objective, where one exists.

*Doc. 1* at ¶¶ 2–4.

The defendants contend that the court should strike these paragraphs because they are immaterial and impertinent. They contend that these paragraphs do not state a legal standard and do not contain any facts that would support the plaintiff's claims. Rather, according to the defendants, the purpose of these paragraphs is to cause confusion regarding the applicable legal standard and to attempt to hold them to a higher standard. Characterizing the paragraphs as argumentative, the defendants fear that they will be prejudiced if the court does not strike the paragraphs.

We disagree with the defendants that the paragraphs at issue are immaterial or impertinent. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief." *Wagner v. Holtzapple*, 101 F. Supp. 3d 462, 488 (M.D. Pa. 2015). And "'[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id*. Here, the issues in this case relate to the use of a restraint chair, and the paragraphs at issue relate to restrain chairs generally. And the paragraphs at issue are set forth in the introductory section of the complaint. As such, we view them as general background. And we do not credit the defendants' assertion that the allegations will result in confusion as to the applicable legal standard or that they will cause prejudice. In sum, in the exercise of our discretion, we will not strike the paragraphs as immaterial or impertinent.

**IV. Motion to Dismiss.**

The defendants move to dismiss the wrongful death and survival causes of actions[2] contending that they are barred by Pennsylvania's Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa.C.S.A. § 8541, et seq.  Because the defendants have not shown that the cause of actions are barred by the PSTCA, we will deny the motion to dismiss.

    **A. Motion to Dismiss Standards.**

In accordance with Fed. R. Civ. P. 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  When reviewing a motion to dismiss under Rule 12(b)(6), "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).  In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

---

[2]  In their brief, the defendants also contend that the duty-to-protect claim set forth in Count III of the complaint should be dismissed.  As set forth above, however, the named parties have already stipulated to the dismissal of that claim.

"A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769–70 (M.D. Pa. 2012). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to

dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Tp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

**B. Discussion.**

The defendants contend that the wrongful death and survival causes of action are barred by PSTCA, which provides that "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an

9

employee thereof or any other person." 42 Pa. C. S. A. § 8541.  The PSTCA enumerates nine exceptions to a local agency's immunity for specific negligent acts. 42 Pa.C.S.A. § 8542.  Employees of local agencies are generally immune from liability to the same extent as their employing agency providing they were acting within the scope of their employment. 42 Pa. C. S. A. § 8545.  But immunity under the PSTCA does not apply when the act of the employee that caused the injury "constituted a crime, actual fraud, actual malice or willful misconduct." 42 Pa. C. S. A. § 8550.

The defendants contend that the wrongful death and survival causes of action are barred by PSTCA because they do not fall within any of the enumerated exceptions to immunity.  In response, the plaintiff does not contend that the wrongful death and survival causes of action fall within any of the enumerated exceptions set forth in the statute.  Rather, she contends that the wrongful death and survival causes of action are based on the violation of federal law, and, she continues, a state statute, such as the PSTCA, cannot immunize parties from violations of federal law.

The structure of the complaint in this case supports the plaintiff's contention that the wrongful death and survival causes of action are based on violations of federal law.  The complaint lists wrongful death and survival as causes of action before setting forth specific claims, and the only two remaining claims are claims

based on the Eighth Amendment and/or the Due Process Clause of the Fourteenth Amendment. The defendants have not filed a reply brief in response to the plaintiff's contention that the wrongful death and survival causes of action are based on federal law.

Nor have the defendants addressed the plaintiff's argument that the wrongful death and survival actions can be based on federal law. The plaintiff's argument in this regard is that because 42 U.S.C. § 1983 is silent as to remedies, the court must look to 42 U.S.C. § 1988(a), which provides in pertinent part, that where federal law is silent as to "suitable remedies," provided that the law of the state where the court sits is not inconsistent with federal law, the court should apply "the common law, as modified and changed by the constitution and statutes of the State[.]" Here, the state law is Pennsylvania's wrongful death and survival statutes, which plaintiff suggests are not inconsistent with federal law because those statutes provide a remedy for a violation of federal law. And, the plaintiff continues, state law, such as PSTCA, cannot immunize parties from violations of federal law. *See Wade v. City of Pittsburgh*, 765 F.2d 405, 407 (3d Cir. 1985) (observing that the PSTCA "although effective against a state tort claim, has no force when applied to suits under the Civil Rights Acts" and explaining that "[t]he supremacy clause of the Constitution prevents a state from immunizing entities or individuals alleged to have violated federal law").

11

The plaintiff points out that the United States Court of Appeals has not decided whether Pennsylvania's wrongful death and survival statutes can be used to seek damages in connection with 42 U.S.C. § 1983 claims. But, according to the plaintiff, most district courts in this Circuit have so held. *See doc. 21* at 10 (citing cases). For example, one court recently explained that a plaintiff could seek a remedy for her 42 U.S.C. § 1983 claims under Pennsylvania's wrongful death and survival statutes:

> . . . Plaintiff's remedy in this case is through Pennsylvania's wrongful death and survival statutes. Under Pennsylvania law, "wrongful death and survival actions are not substantive causes of action; rather, they provide a vehicle through which plaintiffs can recover for unlawful conduct that results in death." 42 Pa. Cons. Stat. §§ 8301, 8302; *see also Johnson v. City of Philadelphia*, 105 F. Supp. 3d 474, 483 (E.D. Pa. 2015) (citing *Sullivan v. Warminster Twp.*, 765 F. Supp. 2d 687, 707 (E.D. Pa. 2011); *Carroll v. Skloff*, 202 A.2d 9, 10-11 (Pa. 1964)). Plaintiffs asserting these claims must assert some other independent, cognizable claim to survive a motion to dismiss wrongful death and survival claims. *See Salvio v. Amgen, Inc.*, 810 F. Supp. 2d 745, 757 (W.D. Pa. 2011) (dismissing wrongful death and survival claims because they "cannot be brought . . . as claims in-and-of themselves, because an underlying claim, such as negligence, is needed for these claims to be cognizant . . . "); *Palakovic v. Wetzel*, No. 3:14-cv-145, 2015 WL 3937499, at *12 (W.D. Pa. June 26, 2015), *rev'd on other grounds*, 854 F.3d 209 (3d Cir. 2017). Wrongful death and survival actions have often been brought alongside § 1983 claims. § 1983 is thus recognized as a sufficient underlying basis for wrongful death and survival claims under Pennsylvania law. *See, e.g., Estate of Kempf v. Washington Cty.*, No. 15-cv-1125, 2018 WL 4354547 (W.D. Pa. Sept. 12, 2018).

*Maldet v. Johnstown Police Dep't*, No. 2:19-CV-325, 2019 WL 2435869, at *5 (W.D. Pa. June 11, 2019).

"Neither the Supreme Court [n]or the Third Circuit has squarely addressed whether state law immunities apply to § 1983 claims brought by a decedent's estate through state law survival or wrongful-death statutes." *Id*. at *6.  The court in *Maldet* noted that "district courts within the Third Circuit have reached inconsistent results when applying the PSTCA to § 1983 claims brought under Pennsylvania's survival and wrongful-death statutes." *Id*. (citing cases).  And it found the reasoning of the cases that found that the PSTCA bars § 1983 claims brought through the wrongful death and survival statutes to be unpersuasive because those "cases do not thoroughly grapple with the Third Circuit's holding in *Wade*—that the PSTCA does not apply to claims for civil-rights violations[,]" because "[t]hey do not discuss § 1988 or the general purposes of § 1983[,]" and because they "do not thoroughly address that both § 1983 and the Pennsylvania wrongful death and survival statutes are vehicles to bring claims for redress, and not substantive claims in and of themselves." *Id*. (footnotes omitted).  And finding that "applying the PSTCA to bar § 1983 claims brought through Pennsylvania's wrongful death and survival status would be contrary to the aims of the Civil Rights Act[,]" the court in *Maldet* held that the PSTCA did not bar the civil-rights claims brought through the wrongful death and survival statutes. *Id*. at *7.

Here, the defendants have not filed a reply brief in response to the plaintiff's contention that the wrongful death and survival causes of action are based on a violation of federal law and the PSTCA cannot immunize parties from a violation of federal law.  Since the defendants have not briefed those issues, we will not decide them.  But given the defendants' failure to brief the pertinent issues, we conclude that they have not shown that they are entitled to immunity under the PSTCA.  Thus, we will not dismiss the wrongful death and survival causes of action.

## V. Conclusion.

Based on the foregoing, we will deny the defendants' motion (*doc. 19*) to strike and to dismiss.  An appropriate order will be issued.


<u>S/Susan E. Schwab</u>
Susan E. Schwab
Chief United States Magistrate Judge